1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                  NORTHERN DISTRICT OF CALIFORNIA
8
9  ISIAH DANIELS,                          No. C 08-3852 MHP (pr)
10              Petitioner,                **ORDER DENYING AMENDED**
                                           **HABEAS PETITION**
11        v.
12  D. K. SISTO,
13              Respondent.
14  _____/
15
16        Petitioner filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. §
17  2254 in which he challenged a decision of the Board of Parole Hearings that found him not
18  suitable for parole.  The court dismissed the petition with partial leave to amend, and
19  petitioner filed an amended petition.  The amended petition alleged that the BPH's decision
20  violated petitioner's right to due process because it was not supported by sufficient evidence.
21  A new decision from the U.S. Supreme Court requires that the amended petition be denied.
22        A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the
23  ground that he is in custody in violation of the Constitution or laws or treaties of the United
24  States.'"  <u>Swarthout v. Cooke</u>, 131 S. Ct. 859, 861 (2011) (citing 28 U.S.C. § 2254(a)).  The
25  court may not grant habeas relief for state law errors.  <u>Id.</u>
26        For purposes of federal habeas review, a California prisoner is entitled to only
27  "minimal" procedural protections in connection with a parole suitability determination.  The
28  procedural protections to which the prisoner is entitled under the Due Process Clause of the
    Fourteenth Amendment to the U.S. Constitution are limited to an opportunity to be heard and

**United States District Court**
For the Northern District of California

a statement of the reasons why parole was denied.  See Swarthout, 131 S. Ct. at 862.  The

Court explained that no Supreme Court case "supports converting California's 'some

evidence' rule into a substantive federal requirement," id., and the Ninth Circuit erred in

holding otherwise.  In light of the Supreme Court's determination that the procedural

protections that have been recognized by that Court as constitutionally-mandated for a parole

applicant are an opportunity to be heard and a statement of reasons for the denial of parole,

Daniels' due process claim must be rejected.  There is no "clearly established Federal law, as

determined by the Supreme Court of the United States," that there must be some evidence (or

any other quantum of evidence) to support the parole denial, so the state courts' rejection of

his claim cannot be said to be contrary to or an unreasonable application of such law.

See 28 U.S.C. § 2254.  The amended petition for writ of habeas corpus therefore is DENIED.


A certificate of appealability will not issue because petitioner has not made "a

substantial showing of the denial of a constitutional right."  28 U.S.C. §  2253(c)(2).  This is

not a case in which "reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The clerk shall close the file.

IT IS SO ORDERED.

DATED:   March 21, 2011

_____
Marilyn Hall Patel
United States District Judge

2